EASTERN DIST.
*May*, 1837.

MARSOUDET
*vs.*
BIENVENU ET AL.

So, where a
judgment was
rendered and in-
scribed in the
mortgage office,
more than ten
days before the
failure of the
debtor, and no
collusion is
shown:    *Held*,
that it is valid,
and entitled to
full effect as a
mortgage debt.

---

## MARSOUDET *vs.* BIENVENU ET AL.

### APPEAL FROM THE COURT OF THE PRESIDING JUDGE OF THE CITY COURT OF NEW-ORLEANS.

The law provides that appeals from the presiding judge of the City Court of New-Orleans, shall be *intermediate*, i. e. through the Parish or District Court. This court cannot examine a case on its merits, in a *direct* appeal, even with the consent of parties.

The plaintiff obtained judgment against the defendant, Bienvenu for four hundred dollars, in the court of the presiding judge of the City Court of New-Orleans.

The latter prayed and obtained an appeal directly to the Supreme Court.

*Marsoudet, in propriâ personâ*, moved the court to affirm the judgment below, with ten per cent. damages, as. for delay and a frivolous appeal.

*Rousseau, contra.*

*Martin, J.*, delivered the opinion of the court.

This is a direct appeal from the presiding judge of the City Court of New-Orleans to this court, in a case in which the judgment being rendered for more than three hundred dollars, and the appellee has not objected to this mode of bringing the case before us.

In the case of Draper *vs.* Terrill et al. (*ante* 81,) very lately decided in this court, we held that the legal mode of bringing such cases before us; was, through an intermediate appeal.

We purposely avoided to inquire whether we could act on a direct appeal, when the appellee, by his silence, waived the objection, and consented to our taking cognizance of the matter. We did so because the case could be well disposed of without our entering on the examination of the mode in which the appeal was brought.

We are not enabled to do so now. The case is put before us on its merits, and we must say, whether or not, the consent of parties authorizes us to act.

The law has pointed out the mode in which suitors are to be relieved from the errors of the presiding judge of the City Court of New-Orleans, and has said, that it must be by an intermediate appeal. We cannot, therefore, legally act on a direct one.

The law provides that appeals from the presiding judge of the City Court of New-Orleans shall be *intermediate*, i. e. through the Parish or District Court. This court cannot examine a case on its merits, in a *direct* appeal, even with the consent of parties.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed, with costs.